STARK SERVICES, INC.
v.
WENDELL WILKERSON.
No. CA 09-84.
Court of Appeals of Louisiana, Third Circuit.
June 3, 2009.
Not Designated for Publication
MICHAEL R. GARBER, Attorney at Law, Counsel for Plaintiff/Appellee: Stark Services, Inc.
JAMES M. WILKERSON, Counsel for Defendant/Appellant: Wendell Wilkerson
Court composed of DECUIR, SULLIVAN, and EZELL, Judges.
EZELL, Judge.
Wendell Wilkerson appeals the decision of the trial court awarding $21,589.04 in favor of Stark Services, Inc. and its owner, Mark Hulin. For the following reasons, we affirm the decision of the trial court.
Mr. Wilkerson and Mr. Hulin entered into a joint venture to demolish and sell oil rig equipment procured by Mr. Hulin. Mr. Wilkerson was to take delivery of the equipment and process it for scrap at a rate of $25.00 per ton. Proceeds of the resulting sale of the scrap were to be split evenly between Mr. Hulin and Mr. Wilkerson after the $25.00 per ton processing fee was paid. Delivery was to be made to the property of T-Boy McCall. Mr. Wilkerson had told Mr. Hulin he had use of this property. However, upon receiving the equipment, Mr. Wilkerson and Mr. Hulin agreed that some pieces could be salvaged and sold at a higher rate than scrap alone. The equipment remained on Mr. McCall's property while Mr. Hulin looked for a buyer. Mr. Wilkerson did not inform Mr. Hulin that this would be a problem or that rent would be incurred.
After failing to find a buyer for the equipment, Mr. Hulin decided to contact Mr. Wilkerson to go ahead with the original plan to scrap the material. However, upon traveling to Mr. McCall's property, Mr. Hulin discovered that the equipment was gone. Mr. Wilkerson had already scrapped and sold it without his knowledge.
The trial court ruled that Mr. Wilkerson owed Mr. Hulin $21,589.04 as his share of the proceeds of the sale of the scrap. Mr. Wilkerson appeals this decision, asserting one assignment of error, that the trial court erred in not allowing the judgment to be reduced by alleged dock rental charges for the use of Mr. McCall's property.
As set forth by the supreme court in Adams v. Rhodia, Inc., 07-2110, pp. 10-11 (La. 5/21/08), 983 So.2d 798, 806-07:
The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. at 882-883. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. Id. at 883. Further, where the findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of fact. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Indeed, where the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous. Id. at 845.
The trial court specifically stated in its reasons for judgment that its decision was based on "analysis of the testimony of the parties as well as certain credibility decisions." Mr. Wilkerson initially denied agreeing to the $25.00 per ton demolition charge, only to recant shortly thereafter, stating that he "agreed to $25.00 a ton to process and for trucking and gas." Moreover, he attempted to include rental fees for his own equipment despite giving no reason why that would not be included in the $25.00 per ton processing fee. It is clear from the written reasons, as well as the record itself, that Mr. Wilkerson was not a completely credible witness, and that finding clearly played into the trial court's decision.
Mr. Wilkerson submitted invoices alleging amounts charged for dock rental. However, these invoices reflect neither amounts actually charged by Mr. McCall nor amounts actually paid to him. Mr. Wilkerson asserts that dock rental was paid to Mr. McCall in the form of pipe given in barter. To support this claim, he submitted invoices for pipe sold or given to Mr. McCall. However, Mr. Wilkerson testified that this arrangement was not limited strictly to this venture, and the invoices submitted exceeded the alleged rental fee by more than $10,000. While we agree with Mr. Wilkerson that it is unlikely that Mr. McCall would allow his land to be used free of charge for the amount of time encompassed by this venture, it is his burden of proof to establish the amount charged or received in barter for this project. While this court may have ruled differently had it been sitting as the trier of fact, based on the record before us, we can not disagree with the trial court that Mr. Wilkerson failed to meet his burden of proof as to the amount of these charges, especially in light of the trial court's determinations. Accordingly, we find no manifest error in the trial court's credibility decision.
For the above reasons, we hereby affirm the decision of the trial court. Costs of this appeal are assessed against Mr. Wilkerson.
AFFIRMED.